# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARIUS O. WALKER,

        Petitioner,

v.                                                                      Case No. 07-C-66

JEFFREY P. ENDICOTT, Warden,
Redgranite Correctional Institution,

        Respondent.

## DECISION AND ORDER

On January 19, 2007, petitioner, Darius O Walker, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his April 26, 1995, judgment of conviction for first degree intentional homicide with a weapon. The petitioner was sentenced to a prison term of life plus five years on June 29, 1995.

The petitioner challenges the judgment of his conviction on the following grounds: (1) violation of his due process and equal protection rights by the state appellate court when it did not find his appellate counsel ineffective[1]; (2) violation of his double jeopardy protection rights with a second trial; (3) denial of his constitutional right to effective counsel at trial.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United

---

[1] In the petition, the petitioner has split this into two separate grounds. The second ground expounds on the first by adding a claim that the Wisconsin Court of Appeals violated its own rules in finding against the petitioner. Therefore, grounds (2) and (3) here correspond to grounds (3) and (4), respectively, in the petition.

States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed March 7, 2007, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered respondent Jeffrey Endicott, Warden of the Redgranite Correctional Institution, to answer, file a motion or other response to the petition for a writ of habeas corpus. On April 9, 2007, the respondent filed a motion to dismiss the petition as untimely and barred by 28 U.S.C. § 2244(d). The motion to dismiss is fully briefed and will be addressed herein.

## **Relevant Facts**

On April 26, 1995, after a jury trial, the petitioner was convicted of first degree intentional homicide with a weapon in violation of Wis. Stat. §§ 940.01(1) and 939.63(1)(a)(2). Kenosha County Circuit Court Judge S. Michael Wilk sentenced the petitioner to life in prison plus five years. The petitioner did not appeal his conviction.

On May 7, 2001, the petitioner filed a Wis. Stat. § 974.06 post-conviction motion in the Kenosha County Circuit Court on May 7, 2001. The circuit court denied the motion and the petitioner appealed to the Wisconsin Court of Appeals. In a May 29, 2002, order, the court of appeals affirmed the circuit court's decision. The petitioner filed a petition for review with the Wisconsin Supreme Court. The court denied his petition on September 3, 2002. The petitioner also filed a petition for a writ of certiorari with the United States Supreme Court. On January 13, 2003, the Court entered an order denying the petition.

On December 17, 2003, the petitioner filed a petition for a writ of habeas corpus pursuant State v. Knight, 168 Wis. 2d 509, 484 N.W.2d (1992), with the Wisconsin Court of

Appeals. In a July 31, 2006, decision, the court denied the petition. It also denied a subsequent motion for reconsideration.

## **Analysis**

The respondent filed a motion to dismiss the petition for a writ of habeas corpus on the ground that it was not filed within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)(A). In response, the petitioner maintains 28 U.S.C. § 2244(d)(1)(D) is the applicable subsection and that he filed his petition for a writ of habeas corpus within one-year of "the date on which the factual predicate of his claims presented could have been discovered through the exercise of due diligence." The petitioner asserts, therefore, that he timely filed his petition for a writ of habeas corpus.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) provides for a one-year statute of limitations for an application for a writ of habeas corpus. The one-year statute of limitations runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005). Section 2244(d)(2) provides for the tolling of the statute of limitations for "[t]he time during

which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

In this case, the petitioner did not appeal his conviction. The petitioner had appointed counsel who was proceeding under Wis. Stat. § 809.32. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period began to run on June 26, 1996, the day the time for filing a no merit report expired. The petitioner had until one year later, June 26, 1997, to file his petition. The petition for a writ of habeas corpus was not signed until January 12, 2007, and, therefore, it is untimely. The petitioner asserts, however, that § 2244 (d)(1)(D) and not § 2244(d)(1)(A) is the applicable subsection.

The petitioner maintains that it was not until the trial court's fact-finding hearing on November 18, 2005, that "new facts were discovered that did not already exist in the record." (Petitioner's Response to Respondent's Motion to Dismiss Habeas Petition as Untimely at 2). And, therefore, the petitioner asserts that the date of the fact-finding hearing was the "date on which the predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(D). Specifically, the petitioner cites the trial court's finding that the petitioner never communicated to appellate counsel that he did not want counsel or an appeal and its finding that the petitioner did not knowingly waive his right to counsel or an appeal. The petitioner also asserts that the July 31, 2006, decision of the Wisconsin Court of Appeals is a factual predicate.

Section 2244(d)(1)(D) requires that the new information comprise a "factual predicate *of the claim.*" 28 U.S.C. § 2244(d)(1)(D) (emphasis added). It also states that the relevant date is when the factual predicate could have been discovered, not when it was actually discovered. Id.; Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Moreover, "the trigger in §2244(d)(1)(D)

is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." Id.

The trial court's factual findings were not necessary to a claim of ineffective appellate or trial counsel. The petitioner was already aware of the circumstances surrounding his claim of ineffective assistance of appellate counsel. Communications between the petitioner and his appellate counsel show that the petitioner had knowledge of the circumstances at least by August of 1996. (See Petition, Attachment 6 at 3). He should have been aware of the circumstances regarding his ineffective trial counsel claim at least by the end of the trial in April 1995.

The petitioner asserts that the Wisconsin Court of Appeals decision is a predicate fact which he could not have discovered until the court issued its opinion. The petitioner cites Johnson v. United States, 544 U.S. 295 (2005) in support of his assertion. Johnson holds that a state court vacatur can constitute a fact within the meaning of § 2244(d)(1)(D). 544 U.S. at 305. The vacatur in Johnson changed the prior record on which the federal court based Johnson's enhanced sentence as a career offender. Id. at 305. Thus, the vacatur provided a necessary predicate to Johnson's specific claim that his federal conviction was illegal. Id.

In this case, however, the court of appeals decision is not a predicate fact with respect to any of the petitioner's claims.[2] Thus, § 2244(d)(1)(A) and not § 2244(d)(1)(D) is the applicable subsection. Accordingly, the petitioner's petition for a writ of habeas corpus is untimely unless the one-year limitations period was tolled. See 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides for the tolling of the statute of limitations for "the time during which

---

[2] Although two of the petitioner's claims assert that "[t]he State appeals court's July 31, 2006 Order violated" the petitioner's Constitutional rights, the order itself does not violate the petitioner's rights. Rather, "the adjudication of the claim" may result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, but the court's decision itself is not violative of the petitioner's rights." See 28 U.S.C. § 2254(d). In this case, the petitioner's claims are actually ineffective assistance of counsel claims.

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The petitioner filed a Wis. Stat. § 974.06 post-conviction motion on May 7, 2001, and a state petition for a writ of habeas corpus on December 17, 2003. Neither tolled the time period for filing a petition for a writ of habeas corpus in federal court because the one-year period of limitation had already expired. Thus, there was nothing for the filing of the petition to toll. The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief. Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

In conclusion, the petitioner's petition for a writ of habeas corpus is untimely. The petition was filed beyond the one-year statue of limitations imposed by 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(D) is inapplicable to the facts of this case and, thus, the one-year statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Therefore, the petition for a writ of habeas corpus will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge