# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARIUS O. WALKER,

    Petitioner,

v.                                                 Case No. 07-C-0066

JEFFREY P. ENDICOTT, Warden, Redgranite

    Respondent.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The pro se petitioner, Darius O. Walker, a Wisconsin state prisoner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenged his April 26, 1995, judgment of conviction for first degree intentional homicide with a weapon.

The petitioner challenges the judgment of his conviction on the following grounds: (1) violation of his due process and equal protection rights by the state appellate court when it did not find his appellate counsel ineffective[1]; (2) violation of his double jeopardy protection rights with a second trial; (3) denial of his constitutional right to effective counsel at trial.

On October 26, 2007, this court issued a decision and order denying the petitioner's petition for a writ of habeas corpus. That same day, the Clerk of Court entered judgment accordingly. On November 27, 2007, the petitioner filed a notice of appeal and, therefore, the court must determine whether to issue a certificate of appealability. The petitioner did not move the court to issue a certificate of appealability. However, Fed R. Civ. P. 22(b) states

---

[1] In the petition, the petitioner has split this into two separate grounds. The second ground expounds on the first by adding a claim that the Wisconsin Court of Appeals violated its own rules in finding against the petitioner. Therefore, grounds (2) and (3) here correspond to grounds (3) and (4), respectively, in the petition.

that "[i]f an applicant files a notice of appeal, the district judge who rendered the decision must either issue a certificate of appealability or state why a certificate should not issue."

Section 102 of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was signed into law April 24, 1996, amended 28 U.S.C. § 2253(c)(1) to provide that an appeal may not be taken to the court of appeals unless a certificate of appealability is issued. The AEDPA further provides that a certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." As noted in Rodriguez v. United States, 286 F.3d 972, 978 (7th Cir. 2002), "a certificate of appealability may issue [by a district or circuit judge] . . . only if the applicant has made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy that showing." (quoting 28 U.S.C. § 2253[c] and citing Williams v. Parke, 133 F.3d 971, 975 [7th Cir. 1997]).

To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, & n. 4 [1983]). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, as the court did in this case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The petitioner has not attempted to make a substantial showing of the denial of a constitutional right. Accordingly, the court will not issue a certificate of appealability as to any of the petitioner's claims.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that a certificate of appealability shall not issue in this case.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____ **District of** _____

                 Plaintiff              **APPLICATION TO PROCEED**
                                                   **WITHOUT PREPAYMENT OF**
                 V.                    **FEES AND AFFIDAVIT**

                                                        CASE
              Defendant

I, _____ declare that I am the (check appropriate box)

G petitioner/plaintiff/movant          G other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?      G Yes          G No      (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____ Do you receive any payment from the _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?      G Yes          G No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   | | | | | |
   |---|---|---|---|---|
   | a. | Business, profession or other self-employment | G Yes | G No |
   | b. | Rent payments, interest or dividends | G Yes | G No |
   | c. | Pensions, annuities or life insurance payments | G Yes | G No |
   | d. | Disability or workers compensation payments | G Yes | G No |
   | e. | Gifts or inheritances | G Yes | G No |
   | f. | Any other sources | G Yes | G No |

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 9/96)

4. Do you have **any** cash or checking or savings accounts?  G Yes  G No

   If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?  G Yes  G No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_____    _____
Date                                                                   Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

- 6 -
Case 2:07-cv-00066-PJG   Filed 12/07/07   Page 6 of 7   Document 20